US BANKRUPTCY COURT
DISTRICT OF OREGON

2018 DEC 11 PM 12:21

LODGED___REC'D [signature]

PAID___DOCKETED

Dana Leonard Popick
Kimberly Cae Popick
20733 SW Booker Court
Beaverton, Oregon 97003
(503) 332-0861

Debtors Pro Se

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In re:

DANA LEONARD POPICK, and
KIMBERLY CAE POPICK,

    Debtors.

---

WARREN J. HEATER,

    Plaintiff
v.

DANA LEONARD POPICK, and
KIMBERLY CAE POPICK,

    Defendants.

Adversary Case # 18-03114
Bankruptcy Case No. 18-32608-tmb7

**DEFENDANTS' ANSWER, WITH AFFIRMATIVE DEFENSES**

COMES NOW Debtors/Defendants, Dana Leonard Popick and Kimberly Cae Popick (hereinafter: "Defendants"), and in response and response to the Complaint presented herein by Plaintiff, allege and aver as follows:

1. Defendants admit the allegations of Paragraph 1 of Plaintiff's Complaint.
2. Defendants admit the allegations of Paragraph 2 of Plaintiff's Complaint.

Page – 1 – DEFENDANTS' ANSWER, WITH AFFIRMATIVE DEFENSES

3. Paragraph 3 of Plaintiff's Complaint contains multiple and dissevered allegations. Defendants have no direct knowledge as to Plaintiff's current residency, and lack sufficient information upon which to base an opinion. Defendants admit that Plaintiff has standing as a creditor herein, but deny that such standing is based on the totality of allegations in Plaintiff's complaint.

4. Defendants admit the allegations of Paragraph 4 of Plaintiff's Complaint.

5. Defendants deny the allegations of Paragraph 5 of Plaintiff's Complaint.

6. Paragraph 6 of Plaintiff's Complaint contains multiple and dissevered allegations. Defendants admit that they were the managing directors of Emerald Valley Development, LLC. Defendants deny the remaining allegations of Paragraph 6.

7. Defendants admit the allegations of Paragraph 7 of Plaintiff's Complaint.

8. Defendants deny the allegations of Paragraph 8 of Plaintiff's Complaint.

9. Defendants deny the allegations of Paragraph 9 of Plaintiff's Complaint.

10. Paragraph 10 of Plaintiff's Complaint contains multiple, compound and conclusory allegations; Defendants admit the allegations of Paragraph 19 of Plaintiff's Complaint, insofar as said allegations relate to the design to divide and develop the property. To the extent Paragraph 10 of Plaintiff's Complaint makes further factual allegations, they are denied.

11. Defendants admit the allegations of Paragraph 11 of Plaintiff's Complaint

12. Paragraph 12 of Plaintiff's Complaint contains multiple, compound and conclusory allegations; Defendants admit the allegations of Paragraph 12 of Plaintiff's Complaint, insofar as said allegations relate to the amount of the Note. To the extent Paragraph 12 of Plaintiff's Complaint makes further factual allegations, they are denied.

13. Paragraph 13 of Plaintiff's Complaint contains multiple, compound and conclusory allegations; Defendants admit the allegations of Paragraph 13 of Plaintiff's Complaint, insofar as said allegations relate to the execution of the sales contract and the Note. To the extent Paragraph 13 of Plaintiff's Complaint makes further factual allegations, they are denied.

14. Paragraph 14 of Plaintiff's Complaint contains multiple, compound and conclusory allegations;

Defendants admit the allegations of Paragraph 14 of Plaintiff's Complaint, insofar as said allegations relate to the execution and delivery of the Note. To the extent Paragraph 14 of Plaintiff's Complaint makes further factual allegations, they are denied.

15.   Defendants admit the allegations of Paragraph 15 of Plaintiff's Complaint.

16.   Defendants deny the allegations of Paragraph 16 of Plaintiff's Complaint.

17.   Defendants admit the allegations of Paragraph 17 of Plaintiff's Complaint, insofar as said allegations relate to the encumbrance of the property. To the extent Paragraph 17 of Plaintiff's Complaint makes further factual allegations, they are denied.

18.   Defendants deny the allegations of Paragraph 18 of Plaintiff's Complaint.

19.   Defendants admit the allegations of Paragraph 19 of Plaintiff's Complaint, insofar as said allegations relate to the date and substance of the communication. To the extent Paragraph 19 of Plaintiff's Complaint makes further factual allegations, they are denied.

20.   Paragraph 20 of Plaintiff's Complaint contains multiple, compound and conclusory allegations; Defendants admit the allegations of Paragraph 20 of Plaintiff's Complaint, insofar as said allegations relate to the commencement of the foreclosure proceedings To the extent Paragraph 20 of Plaintiff's Complaint makes further factual allegations, they are denied.

21.   Defendants deny the allegations of Paragraph 21 of Plaintiff's Complaint.

22.   Paragraph 22 of Plaintiff's Complaint requires no response from Defendant.

23.   Defendants deny the allegations of Paragraph 23 of Plaintiff's Complaint.

24.   Defendants deny the allegations of Paragraph 24 of Plaintiff's Complaint.

25.   Paragraph 25 of Plaintiff's Complaint contains multiple, compound and conclusory allegations; Defendants admit the allegations of Paragraph 25 of Plaintiff's Complaint, insofar as said allegations relate to the encumbrances taken against the property. To the extent Paragraph 25 of Plaintiff's Complaint makes further factual allegations, they are denied.

26.   Defendants deny the allegations of Paragraph 26 of Plaintiff's Complaint.

27.   Paragraph 27 of Plaintiff's Complaint contains multiple, compound and conclusory allegations;

Defendants deny the allegations of Paragraph 27 of Plaintiff's Complaint.

28. Defendants deny the allegations of Paragraph 28 of Plaintiff's Complaint.

29. Paragraph 29 of Plaintiff's Complaint contains multiple and dissevered allegations. Defendants have no direct knowledge as to Plaintiff's state of mind, and lack sufficient information upon which to base an opinion. Defendants therefore deny the allegations of Paragraph 29 of Plaintiff's Complaint.

30. Paragraph 30 of Plaintiff's Complaint contains multiple, compound and conclusory allegations; Defendants deny the allegations of Paragraph 30 of Plaintiff's Complaint.

31. Defendants deny the allegations of Paragraph 31 of Plaintiff's Complaint.

32. Paragraph 32 of Plaintiff's Complaint requires no response from Defendant.

33. Defendants deny the allegations of Paragraph 33 of Plaintiff's Complaint.

34. Paragraph 34 of Plaintiff's Complaint contains multiple, compound and conclusory allegations; Defendants deny the allegations of Paragraph 34 of Plaintiff's Complaint, insofar as said allegations relate to the encumbrances taken against the property. To the extent Paragraph 34 of Plaintiff's Complaint makes further factual allegations, they are denied.

35. Paragraph 35 of Plaintiff's Complaint requires no response from Defendant.

36. Defendants deny the allegations of Paragraph 36 of Plaintiff's Complaint.

37. Defendants deny the allegations of Paragraph 37 of Plaintiff's Complaint.

38. Paragraph 38 of Plaintiff's Complaint contains legal conclusions and theory; Defendants deny the allegations of Paragraph 38 of Plaintiff's Complaint..

**AND FOR A FIRST AFFIRMATIVE DEFENSE:**

**Consent by Plaintiff**

39. Based upon the actions which form the basis for the claims set forth in the Complaint, and as will be more completely demonstrated at trial, Plaintiff agreed to, and participated in, those actions which Plaintiff now claims to have caused injury or damage. Since such participation and consent were given knowingly and voluntarily, Plaintiff's claims are invalid.

40. As examples and contrary to the allegations set forth in Paragraphs 8 through 10 inclusive, it

was - in fact - Plaintiff who approached Defendant Dana Popick with the proposal of a joint venture to develop Plaintiff's property, it was Plaintiff who proposed that Defendant Dana Popick should purchase the property from him, it was Plaintiff who proposed that the property could be divided into six lots for development, and it was Plaintiff who proposed the sale price of $600,000.

41. Further, Plaintiff understood - as would any reasonable person in his position - that the transfer of interest in the Property needed to be clear and unequivocal as a matter of course, in order that Defendant Dana Popick could obtain the necessary bank financing to develop and subdivide the property.

**AND FOR A SECOND AFFIRMATIVE DEFENSE:**

**Unclean Hands**

42. The Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands. Plaintiff is attempting to benefit from his own wrongdoing; Plaintiff, through his past actions, has breached the clean hands requirement, and its wrongful and illegal conduct preclude Plaintiff from seeking to invoke the court's equitable jurisdiction.

**AND FOR A THIRD AFFIRMATIVE DEFENSE:**

**Fraud**

43. All or part of the actions or omissions alleged to have caused Plaintiff's claimed injuries, resulted from fraud, deceit and/or misrepresentation by Plaintiff.

**AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

**Assumption of Risk**

44. Assuming, solely for the sake of argument, that there was a compensable injury which occurred to Plaintiff, Plaintiff knew about the risk, and voluntarily undertook the risk that led to the damages complained of in this case. Plaintiff therefore knowingly and voluntarily assumed any and all risks at issue in this case, and such assumption of the risk bars in whole or in part the damages Plaintiff seeks to recover herein.

**AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

**Plaintiff's Comparative Fault**

45. Plaintiff was at fault in how he conducted his affairs relative to the incidents described in its

Complaint. Such fault caused or contributed to the damages complained of in this case. At all times material herein, Plaintiff was negligent, careless and at fault, and conducted itself so as to contribute substantially to his alleged injuries and damages. Such negligence, carelessness, and fault of Plaintiff bars in whole or in part the damages which Plaintiff seeks to recover herein.

### AND FOR A SIXTH AFFIRMATIVE DEFENSE:

**Failure to State a Cause of Action**

46. The Complaint fails to state sufficient facts to sustain a cause of action against Defendants, and is therefore deficient on its face.

WHEREFORE Defendants Dana Leonard Popick and Kimberly Cae Popick pray this Court for relief as follows:

1. That Plaintiff take nothing on his claims against them; and

2. For Judgment and a Money Award in their favor and against Plaintiff for their reasonably-incurred fees, costs, and disbursements herein, including reasonable attorney fees, if any; and

3. For such other relief as the court may deem appropriate.

DATED, this 10th day of December, 2018.

_____
Dana Leonard Popick, Defendant Pro Se

_____
Kimberly Cae Popick, Defendant Pro Se
20733 SW Booker Court
Beaverton, Oregon 97003
(503) 332-0861

Page – 6 – DEFENDANTS' ANSWER, WITH AFFIRMATIVE DEFENSES

| | |
|---|---|
| 1 | **TRUE COPY CERTIFICATE/CERTIFICATE OF MAILING** |
| 2 | STATE OF OREGON ) |
| | ) ss. |
| 3 | County of Multnomah ) |
| 4 | I/we HEREBY CERTIFY that I/we have prepared the foregoing copy of *DEFENDANTS' ANSWER, WITH AFFIRMATIVE DEFENSES*, and have carefully compared the same with the originals thereof, and |
| 5 | that each such copy is a true and correct copy of the original thereof and of the whole thereof. |

*[Signature]*
Dana Leonard Popick, Defendant Pro Se

*[Signature]*
Kimberly Cae Popick, Defendant Pro Se

===============================================================================

Date:

I/we HEREBY CERTIFY that I/we served the attached: *DEFENDANTS' ANSWER, WITH AFFIRMATIVE DEFENSES*, on the respective parties and/or attorneys for parties whose names and addresses appear below, which, as to each such party or attorney, is the regular office address, or the address last given on a paper filed by him/her in the above entitled cause and served on me/us, on the date hereinabove indicated, by depositing in the Post Office at Beaverton, Oregon, or by facsimile transmission or by email transmission, at the facsimile number or email address normally utilized by said attorney or party in the regular conduct of business, or by any combination thereof, true copies of said documents, certified by me/us to be such, addressed to said party or attorney at said address.

*[Signature]*
Dana Leonard Popick, Defendant Pro Se

*[Signature]*
Kimberly Cae Popick, Defendant Pro Se
20733 SW Booker Court
Beaverton, Oregon 97003
(503) 332-0861

Troy G. Sexton
Attorney at Law
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Facsimile: (503) 417-0528

Attorney for Plaintiff

**Page -1- True Copy Certificate/Certificate of Mailing**